IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02314-LTB-BNB

FLATIRON ACADEMY, INC., a Colorado corporation, ROBERT ANDERSON, DAVID MUNIZ, and KIM LEWIS,

      Plaintiffs,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,

      Defendant.

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW, Defendant Philadelphia Indemnity Insurance Company ("PIIC"), by and through undersigned counsel, Hall & Evans, L.L.C., to answer the Complaint as follows:

Defendant PIIC demands that Plaintiffs be held to a strict burden of proof; all allegations not specifically admitted are denied.

### ANSWER TO PARTIES, VENUE AND JURISDICTION

1. With respect to paragraph 1, PIIC admits upon information and belief that Flatiron Academy, Inc. is a Colorado corporation that provides educational services to special needs students enrolled in area school districts.

2-3. PIIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 and 3 and therefore denies the same.

4.      PIIC admits upon information and belief that Kim Lewis has at some times served on the Board of Directors; PIIC is without knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraphs 4 and therefore denies the same.

5.      PIIC admits the allegations contained in paragraph 5.

6-7.    Paragraphs 6 and 7 contain legal conclusions to which no response is required.

## ANSWER TO GENERAL ALLEGATIONS

8.      PIIC admits that it issued policy number PHPK145126 covering the period 11/15/05 to 11/15/06 with policy limits of $1,000,000 each occurrence and $2,000,000 aggregate; PIIC further admits that Flatiron Academy was the Named Insured; PIIC admits that commercial general liability policy number PHPK201112 was issued for policy period 11/15/06 to 11/15/07 to Flatiron Academy.

9.      PIIC admits that on or about April 23, 2007 Paige Cofrin and Nicholas J. Avalos commenced a lawsuit against Robert Anderson, David Muniz and Kim Lewis in the District Court for Boulder County, Colorado, Case No. 2007cv362 ("Cofrin Suit"); PIIC denies that 805 Excalibur, LLC was a plaintiff upon commencement of the action, but admits that it later became a plaintiff in case 2007cv362; PIIC further denies that Flatiron Academy was a defendant upon commencement of the action but admits that it was later added as a defendant in the case 2007cv362.

10.     PIIC admits that notice of the Cofrin Suit was provided to PIIC on June 20, 2007 seeking defense and indemnity coverage under a Not For Profit Directors and Officers Liability Insurance and Employment Practices Liability Insurance policy number

PHSD261290 issued for period beginning June 11, 2007; to the extent paragraph 10 contains any further allegations, such allegations are denied.

11.     With respect to paragraph 11, PIIC admits there was a Verified Complaint and an Amended Complaint in Case No. 2007cv362 ("Underlying Suit"); these documents speak for themselves and no response is required with respect to the characterization of the documents; PIIC denies that the allegations in the Verified Complaint and in the Amended Complaint triggered PIIC's duty to defend the claims under its policy(ies).

12.     To the extent that paragraph 12 contains allegations relating to PIIC's duties or obligations, such allegations are conclusions of law to which no response is required; PIIC denies that it wrongfully delayed its decision; PIIC is without knowledge and information sufficient to form a belief as to the remaining allegations and therefore denies the same.

13.     With respect to paragraph 13, PIIC admits that it denied defense and indemnity coverage for the Underlying Suit pursuant to the terms and conditions of policy PHPK145126; PIIC further admits that its denial was based, in part, on the Employment Related Practices Exclusion in policy PHPK145126; PIIC denies that the Employment Related Practices Exclusion was the sole basis of the denial; PIIC denies that all claims asserted in the Underlying Suit were denied on the basis of the Employment Related Practices Exclusion; PIIC denies that there was any wrongful delay; PIIC further denies that its coverage decision was erroneous or wrongful in any way.

14. With respect to paragraph 14, PIIC denies that its coverage position was in any way wrongful; PIIC further denies that Flatiron, Anderson, Muniz and Lewis made repeated attempts to have PIIC reconsider its coverage position.

15. PIIC admits that an arbitration of various disputes between Cofrin, Avalos, 805 Excalibur, Anderson, Lewis, Muniz and Flatiron Academy took place on May 19-22, 2008 and May 27, 2008 before Dan Hale of Judicial Arbiter Group in Denver, Colorado; PIIC further admits that Dan Hale issued an Arbitration Award dated July 8, 2008 and that the Award speaks for itself; to the extent that paragraph 15 contains further allegations, PIIC is without knowledge and information sufficient to form a belief and therefore denies the same.

16. PIIC denies that Flatiron, Anderson, Muniz and Lewis were required to pay for counsel as a consequence of PIIC's actions; PIIC is without knowledge and information sufficient to form a belief as to any remaining allegations in paragraph 16 and therefore denies the same.

17. PIIC denies that its denial of defense and indemnity coverage was wrongful; PIIC further denies that Flatiron, Anderson, Muniz and Lewis have incurred any damages as a result of PIIC's denial of coverage.

## ANSWER TO FIRST CLAIM FOR RELIEF

18. PIIC incorporates paragraphs 1-17 above as if fully set forth herein.

19. With respect to paragraph 19, PIIC admits that policy number PHPK145126 is a contract of insurance.

20. To the extent that Paragraph 20 contains legal conclusions, no response is required; PIIC admits the existence of legal duties to the extent established by law; PIIC denies that it owed Flatiron, Anderson, Muniz and Lewis a duty to defend, settle or indemnify them for the Underlying Suit; PIIC denies that a breach of any legal duty.

21. With respect to paragraph 21, PIIC denies that it breached any duties or obligations to Flatiron, Anderson, Muniz and Lewis.

22. With respect to paragraph 22, PIIC is without knowledge or information sufficient to form a belief as to whether all of the obligations of Flatiron, Anderson, Muniz and Lewis were fulfilled and/or excused and therefore denies the same.

23. PIIC denies that it in any way breached its duties, or the contract; PIIC further denies that Plaintiffs are entitled to any damages in this action.

## ANSWER TO SECOND CLAIM FOR RELIEF

24. PIIC incorporates paragraphs 1-23 above as if fully set forth herein.

25. Paragraph 25 contains legal conclusions to which no response is required; PIIC admits the existence of legal duties to the extent established by law; PIIC denies a breach of any legal duty.

26. With respect to paragraph 26, including subparagraphs a-f, PIIC denies that it breached any duty, including the duty of good faith and fair dealing; PIIC further denies that it engaged in any unreasonable acts; and further:

    a) PIIC denies that it owed Plaintiffs a defense in the Underlying Suit; PIIC further denies that it failed, breached or otherwise wrongfully denied defense coverage in the underlying suit;

b)  PIIC denies that it owes indemnity coverage to Plaintiffs with respect to the Underlying Suit;

c)  PIIC denies that it failed to adopt and implement reasonable standards for the prompt investigation of claims;

d)  PIIC denies that it deprived Plaintiffs of the benefits and protections of the contract(s) of insurance;

e)  PIIC denies that it compelled Plaintiffs to institute litigation to secure benefits under the policy(ies);

f)  PIIC denies that it engaged in any wrongful conduct.

27.  PIIC denies that Plaintiffs sustained any damages proximately caused by PIIC's actions; PIIC further denies that Plaintiffs are entitled to any damages in this action.

28.  Further, PIIC denies that Plaintiffs are entitled to any of the recovery sought in their prayer for relief.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' claims may be barred in whole or in part to the extent that the Complaint fails to state a claim upon which relief may be granted.

2.  Plaintiffs' claims are barred, in whole or in part, because the events, losses and injuries alleged in the Underlying Suit do not constitute "bodily injury" within the meaning of the policy.

3.  Plaintiffs' claims are barred, in whole or in part, because the events, losses and injuries alleged in the Underlying Suit do not constitute "property damage" within the meaning of the policy.

4.      Plaintiffs' claims are barred, in whole or in part, because the events, losses and injuries alleged in the Underlying Suit do not constitute "personal and advertising injury" within the meaning of the policy.

5.      Plaintiffs' claims are barred, in whole or in part, because the events alleged in the Underlying Suit do not constitute an "occurrence" within the meaning of the policy.

6.      Plaintiffs' claims are barred, in whole or in part, because the losses and injuries alleged in the Underlying Suit were "expected or intended from the standpoint of the insured" and/or were with the knowledge the act would violate the rights of another within the meaning of the policy, Exclusions IA.2a, I.B.2.a.

7.      Plaintiffs' claims are barred, in whole or in part, because coverage is not afforded by virtue of exclusions for losses or injury for which the insured has assumed liability in a contract or agreement, Exclusions IA.2.b, I.B.2.e.

8.      Plaintiffs' claims are barred, in whole or in part, because the allegations in the Underlying Suit do not constitute a "professional incident" within the meaning of the policy; Human Services Organization Professional Liability Coverage Form.

9.      Plaintiffs' claims are barred, in whole or in part, because claims asserting nonphysical or purely emotional harm do not constitute a 'bodily injury" or a covered loss under the terms and conditions of the policy.

10.     Plaintiffs' claims are barred, in whole or in part, because coverage is excluded pursuant to the Employment-Related Practices Exclusion.

11. Plaintiffs' claims are barred, in whole or in part, because allegations in the Underlying Suit do not constitute actions of the executive officers and directors "with respect to their duties as your officers and directors" within the meaning of the policy.

12. Plaintiffs' claims are barred, in whole or in part, because the allegations in the Underlying Suit do not allege negligence in the "rendering of professional services to others . . . in your capacity as a human services organization," Human Services Organization Professional Liability Coverage Form.

13. No coverage for the events, losses or injuries alleged in the Underlying Suit is provided by virtue of the terms, definitions, exclusions, conditions, and limitations set forth in the policy(ies).

14. The terms, conditions, exclusions and limitations set forth or incorporated in the contracts of insurance at issue are clear and unambiguous and speak for themselves.

15. Coverage, including any duty to defend, may be limited or barred to the extent other insurance provides coverage for the alleged losses.

16. The claims are barred, in whole or in part, because the Plaintiffs failed to give timely and proper notice of claims asserted in the Second Amended Complaint in accordance with the terms of the policy(ies).

17. The claims are barred, in whole or in part, to the extent that the losses and injuries alleged in the Underlying Suit were the result of intentional conduct and willful acts on the part of the Plaintiffs and are, therefore, excluded from or do not fall within the coverage provided by the policy(ies).

18.     Plaintiff's claims are barred, in whole or in part, to the extent they have failed to mitigate or avoid damages.

19.     Plaintiffs' claims are barred, in whole or in part, to the extent that there has been negligent or intentional failure to disclose facts, or concealment or misrepresentation of facts, which were material to the risks undertaken by PIIC for the purpose of inducing or renewing policy(ies).

20.     Plaintiffs' claims are barred to the extent that the Plaintiffs knew of the loss or risk of loss prior to the commencement of the policy(ies) at issue.

21.     The alleged policy(ies) at issue are subject to various limitations, including but not limited to, deductibles, self-insured retentions, and per occurrence and/or aggregate limits; PIIC's obligations, if any, are therefore restricted to and by said limits and provisions.

22.     Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver and/or estoppel.

23.     Plaintiffs' claims may be barred, in whole or in part, to the extent Plaintiffs seek coverage for amounts expended prior to tendering notice of the claimed losses in the Underlying Suit

24.     Plaintiffs' noneconomic damages, if any, are limted by the provisions of C.R.S. §13-21-102.5.

25.     Plaintiffs' claims are barred or reduced under the doctrine of comparative fault or comparative negligence and the right of recover will be reduced by their comparative fault or comparative negligence.

26.     Plaintiffs' claims may be barred or reduced under the doctrine of comparative fault of third parties.

27.     Claims for exemplary or punitive damages are barred or limited by Colorado law, C.R.S. §13-21-102.

28.     Defendant al all relevant times acted in good faith and with a reasonable belief that its actions were proper.

29.     PIIC reserves the right to move the Court to add additional defenses, amend the defenses stated and/or delete the defenses as warranted by its ongoing investigation and by facts made known through discovery.

WHEREFORE, PIIC prays for dismissal of the Complaint with prejudice, and for such further relief as the Court deems just and reasonable.

## JURY DEMAND

Defendant PIIC demands a jury trial on all issues so triable.

Dated this 31st day of October, 2008.

Respectfully submitted,

*s/ Lisa F. Mickley*
Chris A. Mattison, Esq.
Lisa F. Mickley, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202-2037
Phone: (303) 628-3300
Fax:    (303) 628-3368
mattisonc@hallevans.com
mickleyl@hallevans.com

**Attorneys for Defendant Philadelphia Indemnity Insurance Company**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 31st day of October, 2008, I electronically filed the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

**Attorneys for Plaintiffs:**
Bradley A. Levin, Esq.
Jeremy A. Sitcoff, Esq.
ROBERTS LEVIN ROSENBERG, PC
1660 Wynkoop Street, Suite 800
Denver, CO  80202
bal@robertslevin.com
jas@robertslevin.com

*s/ Summer Witt, Legal Assistant to*
Lisa F. Mickley, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202-2037
Phone: (303) 628-3300
Fax:     (303) 628-3368
mickleyl@hallevans.com

**Attorneys for Defendant**
**Philadelphia Indemnity**
**Insurance Company**